IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| OGDEN CITY REDEVELOPMENT AGENCY,<br><br>    Plaintiff,<br><br>vs.<br><br>ONTARIO SPECIALTY CONTRACTING, INC., and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>    Defendants. | ORDER REMANDING CASE TO STATE COURT<br><br><br><br><br>Case No. 1:06-CV-00053 PGC |

This breach of contract case was originally filed in the Second Judicial District Court of the State of Utah as case number 050904418. Defendants Ontario Specialty Contracting, Inc. and Lumbermens Mutual Casualty Company removed this case based on 28 U.S.C. § 1441(a) on the theory that this court has diversity jurisdiction under 28 U.S.C. § 1332.

For this court to have diversity jurisdiction, two requirements must be met: first, the amount in controversy must be greater than $75,000; and second, the dispute must be between "citizens of different States."[1] The second requirement is met only if there is "complete"

---

[1] 28 U.S.C. § 1332(a)(1).

diversity, "*i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."[2] The diversity jurisdiction statute specifies that "[f]or the purposes of this section and section 1441 . . . , a corporation shall be deemed to be a citizen of any state by which it has been incorporated *and* of the State where it has its principal place of business."[3]

In its notice of removal, defendants admit that plaintiff Ogden City Redevelopment Agency is a "lawfully constituted municipal corporation in the State of Utah with its principal place of business in Buffalo, New York."[4] Thus, under § 1332(a)(1), plaintiff is a citizen of both Utah *and* New York. And defendants also admit that defendant Ontario Special Contracting "is a corporation organized and presently existing under the laws of the State of New York."[5]

Based on these two admissions, it is clear from the face of defendants' notice of removal that plaintiff and one defendant are both citizens of New York. The complete diversity necessary for diversity subject matter jurisdiction thus does not exist.

---

[2] *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

[3] 28 U.S.C. § 1332(c)(1) (emphasis added).

[4] Doc. No. 1, at 2.

[5] *Id.*

The court therefore REMANDS this case to the Second Judicial District Court of the State of Utah. The clerk's office is directed to close the case.

SO ORDERED.

DATED this 1st day of May, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge